ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| JAAAT Technical Services, LLC | ) ASBCA No. 61180 |
| | ) |
| Under Contract No. W912HN-10-D-0063 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Rickey B. Barnhill
                                 Administrator

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                   Engineer Chief Trial Attorney
                                   Laura J. Arnett, Esq.
                                   Allie E. Vandivier, Esq.
                                   Engineer Trial Attorneys
                                   U.S. Army Engineer District, Savannah

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, JAAAT Technical Services, LLC (JAAAT), has timely filed a motion for reconsideration of the Board's decision in *JAAAT Technical Services, LLC*, ASBCA No. 61180, 19-1 BCA ¶ 37,297 at 181,423.[1] In ASBCA No. 61180, we denied appellant's appeal, where appellant requested $392,187.00 and 159 days of compensable time due to a dispute over whether an access control system was required in the contract or if the government requiring the system was an out of scope change to the contract. *Id.* at 181,424. For the reasons stated below, the motion is denied.

STANDARD FOR DECIDING MOTIONS FOR RECONSIDERATION

In order to prevail on a motion for reconsideration, JAAAT must demonstrate a compelling reason for the Board to modify its original decision. When deciding a motion for reconsideration, JAAAT must demonstrate that newly discovered evidence, mistakes in our findings of fact, or errors of law warrant us vacating the underlying decision. *See Parsons Evergreene, LLC*, ASBCA No. 58634, 19-1 BCA ¶ 37,251 at 181,310 (citation omitted). Motions for reconsideration are not intended to provide the party with another chance to again argue its position that was previously raised and denied. *Id.* (citation omitted) On the other hand, if we have made mistakes in the

_____

[1] In the course of briefing the motion, the government submitted an additional sur-reply brief on July 3, 2019. The Board did not consider this brief in writing this decision.

findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146.

Here, JAAAT essentially points to the same evidence and facts as were presented when deciding this case and argues its position again. As discussed in further detail below, JAAAT did not demonstrate mistakes in our findings of fact, provide any newly discovered evidence, or point to errors of law that warrant us vacating our decision.

JAAAT Failed to Demonstrate Any Mistakes In Our Findings of Fact

JAAAT took issue with five findings in the Board's decision, findings 7, 15, 16, 20, and 21 (app. mot. for recon. at 1-2). In its response to the government's opposition, JAAAT further added an allegation of mistake in reference to finding 39 (app. reply at 2).

All of these findings were based upon facts taken from the record. While JAAAT took issue with these six findings, it did not provide sufficient explanation as to why the findings were in error. Instead, nearly all of JAAAT's statements of mistake exceeded the scope of the finding, in an attempt to change the fact to an entirely different fact and reargue its underlying appeal. Thus, none of the facts that JAAAT raised on reconsideration as mistakes in the decision were actually mistakes in the Board's findings of fact.

JAAAT Did Not Produce Any Newly Discovered Evidence

In its reply to the government's response to JAAAT's motion for reconsideration, JAAAT provided four tabs of additional evidence for the Board to consider: 1) Chapter 2 Resident Management System (RMS) Manual – Office and Staff Setup; 2) Memorandum for Appointment of Administrative Contract Officer for the contract; 3) RMS Report – All Requests For Information (RFI); and 4) RMS Detail Report – Response to RFI-0097: Electronic Security System (app. reply). While many of these documents were not in the Rule 4 file, none of these documents are newly discovered evidence. They were all part of the administration of the contract and were available to appellant throughout the contract and during the course of this appeal. Appellant could have supplemented the Rule 4 file at any time with any of these documents but did not. It is not appropriate for these documents to now be considered when they were available throughout the entire appeal process.

Moreover, even if the evidence JAAAT presented on reconsideration had been presented during its appeal, it would not have changed the result of the decision. The evidence JAAAT produced with its reply brief demonstrates that JAAAT continues to

place an unwarranted amount of weight on the extrinsic evidence of one RFI response, which is further discussed below.

JAAAT Failed to Demonstrate Any Errors of Law

JAAAT failed to demonstrate any errors of law.[2] This appeal turned on whether the contract required JAAAT to install an access control system. As stated in the underlying decision, based upon reading the contract as a whole, the only reasonable interpretation of the contract is that the access control system was required. *JAAAT Tech. Serv.*, 19-1 BCA ¶ 37,297 at 181,430

Appellant would like to, instead, turn this appeal on extrinsic evidence instead of the evidence directly included in the contract. The crux of our decision was that the contract itself required an access control system. Thus, we were not required to review extrinsic evidence. While our decision addressed extrinsic evidence, in an attempt to fully examine JAAAT's claim, none of the extrinsic evidence changed the interpretation that the access control system was required. Instead of leading us to hold otherwise, as appellant argues, the extrinsic evidence we considered, as a whole, merely led us to more concretely confirm our decision that the access control system was required in the original contract.

Appellant's argument in its request for reconsideration still places an unreasonable amount of weight on an unsigned RFI answer. In its legal error argument, JAAAT points to the high number of RFIs that did not have a name or title filled out. This evidence, which is not newly discovered, does not change the original decision that the contract itself required an access control system to be installed.

Finally, appellant raises in its response that it had a right to ask for clarification and receive guidance through the RFI system (app. reply at 4). Appellant certainly has a right to ask for clarification and receive guidance. We did not, in our decision, remove this right. However, any changes to the contract must be made by the contracting officer. Because we decided that the access control system was required by the contract, the only individuals who could have removed the requirements of the contract were warranted contracting officers. The record does not support that this

---

[2] In its legal errors section, JAAAT stressed that it was a not a legal firm (app. mot. for recon. at 4). While *pro se* parties, such as JAAAT, are frequently held to less stringent pleading standards than those parties represented by counsel, they are not exempt from meeting jurisdictional prerequisites and must sufficiently articulate and support their arguments. *See John Shaw LLC d/b/a Shaw Building Maintenance*, ASBCA Nos. 61379, 61585, 19-1 BCA ¶ 37,216 at 181,185 (citation omitted).

RFI was answered by a contracting officer nor that the contract was changed to remove the requirement.

## CONCLUSION

The motion for reconsideration is denied.

Dated: October 4, 2019

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61180, Appeal of JAAAT Technical Services, LLC, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4